UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CLIFFORD E. CASE,**

 Plaintiff,

v.               Case No: 5:12-cv-565-Oc-GKS-PRL

**COMMISSIONER OF SOCIAL
SECURITY**

 Defendant.

## REPORT AND RECOMMENDATION[1]

This case is before the Court on the Plaintiff's appeal of an administrative decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED.**

### I. Procedural History and Summary of the ALJ's Decision

On March 6, 2009, Plaintiff filed for a period of disability insurance benefits (DIB) and supplemental security income (SSI), alleging a disability beginning August 1, 2007. (Tr. 114-15, 140). The claims were denied both at the initial level and on reconsideration. (Tr. 67-72, 75). Following a hearing, the Administrative Law Judge (ALJ) issued an unfavorable decision on October 30, 2010, finding that the Plaintiff was not disabled. (Tr. 25-34). The Appeals Council

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

denied Plaintiff's request for review on August 2, 2012. (Tr. 1-6). Plaintiff initiated this action seeking review of the ALJ's decision. (Doc. 1). Thus, Plaintiff has exhausted his administrative remedies, and appeals from the final decision pursuant to 42 U.S. C. § 405(g).

At the time of the ALJ's decision, Plaintiff was 46 years old, had a high school education (Tr. 32, 41), and previous work history as a semi-truck driver and heavy equipment operator. (Tr. 42, 54). Plaintiff alleges that he has been unable to work since August 1, 2007 due to back, neck, and right shoulder and hand problems. (Tr. 43-44, 144).

Based on a review of the medical evidence and Plaintiff's testimony during the hearing, the ALJ found that Plaintiff had the severe impairments of a back disorder and pain syndrome involving the right upper extremity (Tr. 27). The ALJ then determined that Plaintiff retained the residual functional capacity (RFC) to perform a light work as defined in 20 C.F.R. § 404.1567, expect that for the period prior to January 1, 2010, Plaintiff could only stand/walk for four hours in an eight-hour workday with need to alternate to a setting position after one hour for approximately ten minutes while on task, sit for six hours in an eight-hour workday, but with opportunity to alternate to a standing position after one hour for approximately five minutes while on task; to occasionally stoop, crouch, climb stairs, kneel, and overhead work; and avoid excessive vibration, working at heights, or with dangerous moving machinery. (Tr. 28).

The ALJ further found that on and after January 1, 2010, Plaintiff could only occasionally lift or carry ten pounds with the right upper extremity and only occasionally handle and finger with the right upper extremity. (Tr. 28). After finding that these limitations precluded the performance of Plaintiff's past relevant work, the ALJ relied on the testimony of a vocational expert and found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including Small Products Assembler, Trimmer, Gatekeeper, and Nutsorter.

(Tr. 32-33). Thus, the ALJ found that the Plaintiff was not disabled through the date of decision. (Tr. 33).

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.V.R. §404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932

F.2d 1356, 1358 (11th Cir. 1991)(per curiam).  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III.  Relevant Evidence and Argument on Appeal

Plaintiff raises a single issue on appeal:  Whether the ALJ erred in determining that Plaintiff has the RFC to perform light work after failing to adequately consider the opinion of the claimant's treating physician.

Plaintiff contends that the ALJ erred by failing to properly consider the opinion of his treating physician, Dr. Maiello.  In support of his argument, Plaintiff cites Dr. Maiello's opinion that Plaintiff would have the following limitations:  could sit for one hour out of an eight-hour work day; stand for two hours out of an eight hour work day; occasionally lift up to twenty pounds; could not use his right hand for fine manipulation; could not use his left foot/leg for repetitive work such as pushing/pulling of leg controls; would require one five-minute rest period per hour; and would need to lie down and rest for substantial periods of time during the day to avoid increased symptoms at work. (Tr. 397).

Plaintiff contends that the ALJ failed to give proper weight to Dr. Maiello's opinion.  Specifically, Plaintiff contends the ALJ erred in finding that there was no objective medical support for an ongoing strength, reflex or sensory deficit in the extremities.  (Tr. 32).  Plaintiff argues that Dr. Maiello's records reveal Plaintiff's complaints of numbness, tingling, and pain in his right upper extremity on April 27, 2010.  (Tr. 387).  Plaintiff contends the ALJ did not adequately consider this evidence.  Plaintiff also argues that there is no contrary opinion from another examining or treating physician in the record, and that the ALJ apparently reached his

own conclusion regarding Plaintiff's RFC.

In response, Defendant argues that substantial evidence supports the Commissioner's decision that Plaintiff could perform other work and was not disabled. Specifically, Defendant argues that, contrary to Plaintiff's assertions, the ALJ properly considered the relevant evidence in the record, including Plaintiff's subjective complaints, the objective medical evidence, Plaintiff's own testimony, and the assessments of the State agency medical consultants. (Tr. 27-32).

Defendant argues that substantial evidence supports the ALJ's decision to assign only "some weight" to Dr. Maiello's opinion. In her decision, the ALJ expressly stated that she had "considered the opinion of treating physician Dr. Maiello in January 2011 and accorded some weight to the doctor's opinions, but only to the extent that the claimant could lift 20 pounds." (Tr. 31-32). The ALJ found that Dr. Maiello's

> opinion is inconsistent with the significant evidence of the claimant's reported ongoing activities, his statements in the record regarding pain relief, and the physical findings on examination that are inconsistent with the opinion and do not support greater limitations than found in the residual functional capacities set forth above. There is no objective medical support for an ongoing strength, reflex or sensory deficit in the extremities, and Dr. Maiello noted in October 2010 that the claimant's spinal motion was slow, but good. The undersigned has assessed significant limitations in the residual functional capacity in the exertional and postural activities, as well as more recent right upper extremity limitations, but does not find limitations to the extent indicated by Dr. Maiello.

(Tr. 32).

In reaching this conclusion, the ALJ considered substantial evidence in the record, including testimony during the hearing regarding Plaintiff lifting his adult daughter while "goofing around" in the Gulf of Mexico, spending up to an hour at a time down on his knees splitting firewood, regularly doing household tasks such as dishes, chores, and "tinkering

around" the house. (Tr. 45, 48, 50). Notably, Plaintiff testified that he enjoys splitting wood to try to keep his body in shape, an activity he finds enjoyable and relaxing. He loads the pieces of wood, which are 12 inches around and 16 inches long, an activity that requires repetitive standing, kneeling, lifting and walking. (Tr. 48-50).

The ALJ also considered the opinions of State Agency medical consultants who evaluated the record and provided specific reasons for their opinions about Plainitff's RFC. Janet Gibson, D.O., reviewed the record and provided a physical RFC assessment in May 2009, opining that Plaintiff could occasionally lift or carry 20 pounds and could frequently lift or carry 10 pounds. (Tr. 286). She also opined that Plaintiff could stand, walk, or sit for about six hours in an eight-hour workday and was unlimited in his ability to push or pull, and that he should avoid concentrated exposure to hazards such as machinery and heights. (Tr. 289).

The ALJ further considered the opinion of Dr. Krishnamurthy, who reviewed the record and provided a physical RFC assessment in August 2009. (Tr. 304-11). Dr. Krishnamurthy's opinion was consistent with Dr. Gibson's. Dr. Krishnamurthy also opined that Plaintiff could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, but could never climb ladders, ropes or scaffolds. (Tr. 306).

The ALJ noted that Dr. Maiello's records lacked any significant findings on examination in October 2010, other than noting Plaintiff was well-developed, well-nourished, in no acute distress, and with a good range of motion. (Tr. 31). To that extent, the ALJ noted that Dr. Maiello's opinion was inconsistent with his examination findings, and objective medical evidence.

Upon consideration, the Court agrees that the ALJ properly weighed the evidence in the record and properly determined the weight to attribute to Dr. Maiello's opinion. Although a

doctor may provide an opinion regarding what a claimant can still do, the responsibility of assessing a claimant's RFC, and determining whether the claimant is disabled, rests with the ALJ. *See* 20 C.F.R. §§ 404.1527(d), 404.1545; *Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986); *see also Langley v. Astrue*, 777 F. Supp. 2d 1250, 1252-61 (N.D. Ala. 2011) (discussing why a claimant's RFC is not a medical assessment and an ALJ is not required to rely on a doctor's opinion in assessing a claimant's RFC).) The Court agrees that the ALJ properly considered the relevant evidence and properly performed her duty of assessing Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1512(b), 404.1513, 404.1527, 404.1545, 404.1546(c).

The ALJ did not err in only giving Dr. Maiello's opinions "some weight." An ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir.1986).

Substantial evidence, including the medical records, opinions of agency consultants, and Plaintiff's own testimony, supports the ALJ's RFC assessment and her ultimate determination that Plaintiff could perform other work and thus was not disabled.

### IV. RECOMMENDATION

For the reasons stated above, the Court finds that substantial evidence supports the Commissioner's decision and it is respectfully **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED.**

- 8 -

**DONE AND ENTERED** in Ocala, Florida, on February 3, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge
Unrepresented parties
All Counsel